The plaintiff failed to recover, and in the case prepared for his appeal set out such portions of certain exhibits as he thought material, and as had been referred to on the trial. The defendant proposed as an amendment that the whole of the exhibits should be inserted. The trial judge disallowed *Page 496 
the amendment, but in settling the case required the appellant to paste the exhibits in the appeal-book, if copies were furnished by the defendant, or in lieu thereof, directed that the original exhibits might be referred to on the argument by either party. The defendant furnished copies for the General Term, and the decision of that court being appealed from, now moves that the plaintiff print those exhibits as part of the return to this court. The plaintiff offered to attach them to the appeal-books if copies were furnished by the defendant.
He should not be required to do more. The order of the trial judge holds good until the final determination of the case. The papers in question are shown to be printed tariffs and schedules, prepared and issued by the defendant, full of figures and matter, which, in the opinion of the trial judge, were not material upon the trial, and to which it is said no reference was made by the respondent in the court below. The appellant was bound to present his case to the General Term upon the case as settled, and to this court upon the same record. It appears that the return actually on file accords with this rule, and the appellant is under no obligation to print matter proposed by the respondent as an amendment, but disallowed by the trial judge.
No doubt there is a difficulty growing out of the fact that, while the trial judge refused to introduce the exhibits into the case, he allowed them to be referred to by either party on the argument of the appeal, and the record will not show whether any part was so referred to. This practice might easily lead to embarrassment, and is not to be encouraged. But in this case it is in favor of the respondent, and complaint by him is without merit.
The motion should, therefore, be denied, with $10 costs.
All concur.
Motion denied. *Page 497